TAMARA BEATTY PETERSON (Nevada Bar No. 5218)
tpeterson@bhfs.com
LAURA E. BIELINSKI (Nevada Bar No. 10516)
lbielinski@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:   (702) 382-2101
Facsimile:    (702) 382-8135

Attorneys for Plaintiff
LV GAMING VENTURES, LLC

FILED / ENTERED
NOV 10 2011
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LV GAMING VENTURES, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE M RESORT PHUKET, an unknown entity doing business in Phuket, Thailand; and INFINITY ONLINE SOLUTIONS Co., LTD., an unknown entity doing business in Phuket, Thailand,<br><br>Defendant. | Case No. 2:11-cv-01552-LDG-VCF<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |

UPON CONSIDERATION of the motion filed by Plaintiff LV Gaming Ventures, LLC ("Plaintiff") for a preliminary injunction, the supporting memorandum of points and authorities, the supporting documents and evidence, the record in this case, and for other good cause shown;

THE COURT HEREBY FINDS THAT:

1.  Personal jurisdiction over Defendants The M Resort Phuket and Infinity Online Solutions, Co. Ltd. ("Defendants") is proper because Defendants have purposefully availed themselves of the privilege of conducting activities in Nevada by willfully infringing Plaintiff's copyrighted work ("M Bar Image," as defined in Plaintiff's Motion For Preliminary Injunction) with

knowledge that Plaintiff's principal place of business is in Nevada, Plaintiff's claim for copyright infringement arises out of Defendants' forum-related activities, and the exercise of jurisdiction over Defendants is reasonable.

2. Defendants' infringement of Plaintiff's valuable trademarks, including its M RESORT, M BAR and VILLAGGIO BAR marks (collectively "M RESORT Marks," as defined in Plaintiff's Motion For Preliminary Injunction) occurred in United States commerce under the Lanham Act, and Defendants' infringement of Plaintiff's exclusive rights in its M Bar Image occurred within the United States under the Copyright Act, through Defendants' website ("Infringing Website") connected to their <mresortphuket.com> domain name (the "Infringing Domain Name");

3. Plaintiff will suffer irreparable injury to its business reputation, market share and the goodwill associated with its M Bar Image and M RESORT Marks if Defendants are not enjoined from transferring the Infringing Domain Name, which contains the M RESORT Marks, and whose associated Infringing Website has prominently displayed Plaintiff's M Bar Image, to other domain name registrars, persons or entities;

4. Plaintiff will suffer irreparable injury to the goodwill associated with the valuable M RESORT Marks if Defendants are not enjoined from owning or using generic top-level domain names (.com, .net, .info., .org, .biz, .name, and .pro) containing the M RESORT Marks, or any confusingly similar variations thereof;

5. Plaintiff will suffer irreparable injury to its exclusive rights in its copyrighted works, including the M Bar Image, if Defendants are not enjoined from reproducing, publishing, publicly distributing, preparing derivative works from and/or otherwise using Plaintiff's copyrighted works in any way in the United States;

6. Plaintiff is likely to succeed on the merits of its claims for cybersquatting and copyright infringement;

7. The balance of hardships tips in favor of Plaintiff because issuance of the injunction would merely prevent Defendants from continuing to infringe upon Plaintiff's intellectual property rights in the United States. Conversely, without such relief, Plaintiff would continue to suffer loss to its business reputation, market share and the goodwill associated with the M RESORT Marks;

8.  Issuance of the preliminary injunction would be in the public interest because it would protect consumers against deception and confusion arising from Defendants' use of Plaintiff's M RESORT Marks in the United States, and would uphold the rights granted to Plaintiff by Congress in its copyrighted M Bar Image;

THEREFORE, IT IS HEREBY ORDERED THAT, pending a full trial on the merits:

A.  Registration of the Infringing Domain Name shall be immediately transferred to Plaintiff. The domain name registrar, GoDaddy, shall effectuate the transfer.

B.  GoDaddy shall ensure that the Infringing Domain Name remains on hold and lock.

C.  GoDaddy shall not cancel or transfer the Infringing Domain Name during the injunctive period.

D.  In the event that GoDaddy fails or refuses to comply with this Preliminary Injunction within one day of its issuance, the top-level domain (TLD) Registry for the Infringing Domain Name, Verisign, shall be authorized to maintain the Infringing Domain Name on Registry Hold status, thus removing it from the TLD zone files maintained by the Registry which link the Infringing Domain Name to the IP address where the associated website is hosted, pending the outcome of this litigation.

E.  Defendants and Defendants' officers, agents, servants, employees and/or all persons acting in concert or participation with Defendants are hereby enjoined from:

    1.  using the M Resort Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in United States commerce (including, without limitation, in connection with any business targeting United States residents in the Unites States) or on any websites connected to any generic top level domain names (.com, .net, .info., .org, .biz, .name, and .pro);

    2.  registering or trafficking in any generic top-level domain names (.com, .net, .info., .org, .biz, .name, and .pro) containing the M Resort Marks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs; and

      3.      reproducing, publishing, publicly distributing, preparing derivative works from and/or otherwise using the M Bar Image or any other images from the Plaintiff's website <themresort.com> in any way in United States commerce (including, without limitation, in connection with any business targeting United States residents in the Unites States) or on any websites connected to any generic top level domain names (.com, .net, .info., .org, .biz, .name, and .pro).

F.    Plaintiff shall not be required to post an additional bond because the evidence indicates that Defendants will only suffer, if at all, minimal damage by the issuance of this preliminary injunction, hence, the present bond of $100.00 shall remain in effect.

G.    Plaintiff may, in addition to the requirements of service identified in Federal Rules of Civil Procedure 4 and 5, serve this Order on Defendants by e-mail transmission.

ENTERED this _10_ day of November 2011.

_____
UNITED STATES DISTRICT JUDGE